# United States Court of Appeals for the Fifth Circuit

---

No. 24-10940
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee,*

*versus*

Jose Luis Espinoza, Jr.,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:24-CR-18-1

---

Before King, Haynes, and Ho, *Circuit Judges.*

Per Curiam:*

Jose Luis Espinoza, Jr., appeals his conviction for attempted enticement of a minor. He argues that the evidence was insufficient to support the jury's rejection of his entrapment defense. Espinoza raised his entrapment defense in a motion for a judgment of acquittal at the close of the Government's evidence and renewed it in a post-trial motion filed within 14

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

days after the jury's verdict. *See* FED. R. CRIM. P. 29(a), (c)(1). Therefore, he preserved the issue for appeal. *See United States v. Villarreal*, 324 F.3d 319, 322 (5th Cir. 2003).

In reviewing a preserved challenge to the sufficiency of the evidence, this court must determine whether "after viewing the evidence and all reasonable inferences in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Because the jury was instructed on entrapment, the question is reviewed under the same sufficiency-of-the-evidence standard, with this court accepting the facts in the light most favorable to the verdict and reversing "only if no rational jury could have found beyond a reasonable doubt either (1) lack of government inducement or (2) predisposition to commit the charged crime." *United States v. Reyes*, 239 F.3d 722, 739 (5th Cir. 2001).

A police officer created a profile on MeetMe, an adult dating application, that identified her as a 56-year-old woman named Maddi and included a blurred photo of herself. Although Espinoza initially sent a message to her on this application, he learned early in the conversations with her that Maddi was a minor when she sent him an age-regressed photo of herself and told him she was almost 14 and in eighth grade. After learning her age, he did not end the conversation, but rather he escalated the sexual nature of the conversation and said he had "always wondered about girls [her] age," and had "always wanted a young girl." Despite his knowledge that it was illegal for him to have sex with a minor, he talked to her in a sexual manner, asked her to send explicit photos of herself, and suggested that they meet in person to have sex. Espinoza also initiated chats with Maddi over the next two days. They arranged to meet in a park near where Maddi said she

lived, and Espinoza told Maddi not to tell anyone about their meeting. He agreed when Maddi asked him to bring Skittles, condoms, and a pink towel. When Maddi said she was scared and not sure if she wanted to meet, Espinoza continued talking to her about meeting at the park, rather than cancelling their plan. After Maddi said she was going to leave because he was late, he persuaded her to stay by saying he was down the street. Officers arrested Espinoza as soon as he arrived at the park and found the items that Maddi asked him to bring in his vehicle.

The evidence indicates that even after Espinoza learned that Maddi was a minor, he was a willing, ready, and enthusiastic participant in the offense as he continued to talk to her in a sexual manner, suggested that they meet to have sex, and initiated the chats on two separate days. *See United States v. Chavez*, 119 F.3d 342, 346 (5th Cir. 1997). Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found that the evidence established Espinoza had the predisposition to engage in the criminal conduct. *See United States v. Theagene*, 565 F.3d 911, 919 (5th Cir. 2009); *Reyes*, 239 F.3d at 739. For this reason, his sufficiency challenge fails, and we need not resolve his arguments about government inducement. *See Reyes*, 239 F.3d at 739.

AFFIRMED.